UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| ANTHONY RAY ARMSTRONG, | § | |
| --- | --- | --- |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-702-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.  PARTIES**

Petitioner Anthony Ray Armstrong, TDCJ-ID #1227687, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On March 26, 2004, a jury convicted Armstrong of attempted burglary of a habitation in the 372nd District Court of Tarrant County, Texas, Case No. 0890402A, and, after Armstrong pled true to the habitual offender notice, assessed his punishment at sixty years' confinement. (Clerk's R. at 32.) Armstrong appealed his conviction, but the Second District Court of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Armstrong v. Texas*, No. 2-04-143-CR (Tex. App.–Fort Worth Feb. 17, 2005) (not designated for publication); *Armstrong v. Texas*, PDR No. 0439-05. Armstrong also filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Armstrong*, Application No. 30,088-02. This federal petition followed.

At trial, the state's evidence and witness testimony reflected that on the day in question, Armstrong and his cousin Lonnie Staton (also referred to as Lonnie Stanton) attempted to break into the home of Billie Jo Jones, a seventy-eight year old woman, in Fort Worth. (4Reporter's R. at 32-46.) Jones, a widow, was alone in the house when Staton began to bang on the door and ring the doorbell. Jones called 911. The police apprehended both men at the scene. (*Id*. at 64-65, 81-82, 93-94, 104-05, 111, 127.) Armstrong was hiding in the shrubs and a screwdriver and gloves were found nearby. Upon arrest, a police officer told Armstrong he was being arrested for burglary and he said "isn't it just attempt.?" In his defense, Armstrong testified that Staton told him he needed to pick up his personal belongins from his girlfriend's house, and he agreed to drive Staton to the house in his mother's station wagon. (*Id.* at 143-54.) Staton banged on the door and rang the doorbell. Staton asked him to back the car into the driveway, and he popped the truck and waited. Staton later asked him for a screwdriver. When Staton told him the police were coming, he dove behind the bushes

2

because he had outstanding traffic warrants. According to Armstrong, he did not know that Staton was trying to break into the house, he committed no offense, and he did not make any statement to the police officer.

**D.   RULE 5 STATEMENT**

Quarterman believes Armstrong has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) by raising the claim in his state application for writ of habeas corpus. (Resp't Answer at 3.)

**E.   ISSUES**

In one ground, Armstrong contends his trial counsel was ineffective by failing to request a jury instruction on the lesser included offense of criminal trespass. (Petition at 7 & Attachments.)

**F.   LEGAL ANALYSIS**

   **1.  Standard of Review**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court

decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

**2. Discussion**

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

Armstrong asserted his ineffective assistance claim in his state habeas application, and the trial court conducted a hearing via affidavit. *Ex parte Armstrong*, Application No. 30,988-02, at 39-41, 54. In counsel's affidavit, he admitted that he did not request an instruction on the lesser included offense and that he believed this omission constituted ineffective assistance of counsel. *Id.* at 37. Nevertheless, counsel did not believe that inclusion of such a charge would have changed the verdict.

4

*Id.* Under Texas law, a person commits criminal trespass if he enters or remains on or in property of another without effective consent and he had notice that the entry was forbidden. TEX. PENAL CODE ANN. § 30.05(a)(1) (Vernon Supp. 2006). The state trial court, which was also the state habeas court, found that there was no evidence that Armstrong had notice that his entry upon the property was forbidden and that Armstrong's testimony that he committed no offense did not present evidence of criminal trespass or that Armstrong was guilty of only criminal trespass. *Ex parte Armstrong*, State Habeas Application No. 30,988-02, at 39-41. Therefore, Armstrong was not entitled to the lesser included offense instruction and counsel was not deficient for failing to request such an instruction. *Id.* at 41. In turn, the Texas Court of Criminal Appeals rejected Armstrong's claim based on the trial court's findings. *Id.* at cover.

We must defer to the state courts' adjudication of the claim unless the state courts' decision was: (1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142, 148-49[th] Cir. 2003); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

Having independently reviewed Armstrong's claim in conjunction with the state court records, it does not appear that the state court's application of *Strickland*'s standard was objectively unreasonable. *Bell*, 535 U.S. at 698. Counsel is not required to make meritless motions. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Under state law, to be entitled to a lesser included offense instruction requires that (1) the lesser included offense be included within the proof necessary to establish the offense charged, and (2) some evidence in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser included offense. *See*

5

*Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005); *Jacob v. State*, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995). *See also* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). Both prongs of the test must be met. *See Arevalo v. State*, 943 S.W.2d 887, 890 (Tex. Crim. App. 1997). The record supports the state court's determination that there is no evidence Armstrong had notice that his entry upon the property was forbidden, a necessary element of the lesser offense, and that a lesser included offense instruction would have been inconsistent with the defensive theory that Armstrong was innocent. Thus, federal habeas relief is foreclosed.

## II. RECOMMENDATION

Armstrong's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 7, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United

States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 7, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 17, 2007.

      /s/ Charles Bleil
      CHARLES BLEIL
      UNITED STATES MAGISTRATE JUDGE